UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYNEARIA ASIA VARLACK,<br><br>                        Plaintiff,<br><br>            -against-<br><br>TD BANK NORTH; JP MORGAN CHASE NE; EARLY WARNING; CHEX SYSTEMS,<br><br>                      Defendants. | 1:23-CV-7216 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Tynearia Asia Varlack, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. She asserts that the federal constitutional or statutory bases for her claims are the following: "My consumer rights under the constitution (alienable rights) [*sic*]." (ECF 1, at 2.) She also invokes the Fair Credit Reporting Act ("FCRA"). (*Id.* at 5.) Plaintiff states that her injuries are "loss of credit, stress, [and] def[a]mation of character." (*Id.* at 6.) She sues: (1) TD Bank North; (2) "JP Morgan Chase NE" ("Chase"); (3) "Early Warning"; and (4) Chex Systems. Plaintiff seeks as relief: "financial audits on these accounts/deletions" and "all monetary damages for identity theft and willful noncompliance." (*Id.*) The Court construes Plaintiff's complaint as asserting claims of constitutional violations under 42 U.S.C. § 1983, claims under the FCRA, as well as claims under state law.

       By order dated August 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges that the events that are the bases for her claims occurred in an unspecified location in the State of New York on June 26, 2013, and on December 9, 2016, with regard to Chase; on September 19, 2018, with regard to TD Bank North; on June 9, 2023, with regard to Early Warning; and on no specified date with regard to Chex Systems.

Plaintiff also alleges the following:

> My consumer report is [f]ull of accounts [I] did not open. My identity was stolen and these accounts are hindering me. These accounts w[e]re open[ed] under my name [and Social Security number] without my consent and they are reporting on my consumer file with early warning systems. The banking system is dependent upon fair [and] accurate credit reporting. Inaccurate credit reports directly impair[] the efficiency of the banking system [and] unfair credit reporting methods undermine the public confidence which is essential for continued [f]unctioning of the banking system now all these negative accounts are reporting I can[']t use my consumer credit now is that fair under the FCRA, etc. [*sic*]

(ECF 1, at 5.)

**DISCUSSION**

**A.     Claims under 42 U.S.C. §1983**

The Court must dismiss Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983. To state a claim on which relief can be granted under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that [her] constitutional rights have been violated must first

3

establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Plaintiff asserts claims against four private entities, and does not allege any facts that show that any of them was acting under color of state law when it allegedly injured her. Thus, none of the defendants appear to have been a state actor when it allegedly injured Plaintiff. The Court therefore dismisses Plaintiff's claims of federal constitutional violations under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under the FCRA**

The FCRA, 15 U.S.C. § 1681 *et seq.*, governs the obligations of entities furnishing information to consumer reporting agencies. The FCRA imposes two duties on furnishers of information, which are codified at 15 U.S.C. §§ 1681s–2(a) and (b): Subsection (a) relates to the furnishers' duty to report accurate information to a consumer reporting agency and their ongoing duty to correct inaccurate information; subsection (b) governs the furnishers' duty once notice is received from a consumer reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency.

Federal district courts in this Circuit have held that an individual consumer can bring suit only for violations of Section 1681s–2(b). *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010) ("No private right of action exists for violations of § 1681s–2(a) because this provision 'shall be enforced exclusively' by government officials."); *see also Moore v. U.S. Dep't of Educ.*, 457 F. App'x 10, 12 n.1 (2d Cir. 2011) (summary order) ("While this court has not

4

addressed the issue, a number of our sister circuits as well as district courts in this circuit have similarly concluded that 15 U.S.C. § 1681s–2(a) affords no private right of action.").

Plaintiff may sue for either willful or negligent noncompliance with Section 1681s–2(b), which requires furnishers of credit information to investigate and report alleged inaccuracies in credit information after receiving notice from a consumer reporting agency of a consumer dispute. *Barberan*, 706 F. Supp. 2d at 427 n. 12 (15 U.S.C. §§ 1681n, 1681*o*). However, "'unless and until a furnisher of information receives notice from a[n] . . . *agency*, no private right of action exists under [Section] 1681s–2(b).'" *Id.* (quoting *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005) (emphasis in original)); *Kane*, 2005 WL 1153623, at *4 ("Notice from an individual consumer, in the absence of notice from a[n] . . . agency, is insufficient to trigger the duties contained in Subsection (b)."); *see also Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 306 (E.D.N.Y. 2014) (holding that the plaintiff did not state a claim under Section 1681s–2(b) where he "failed to plausibly allege that Ridgewood received notice of Plaintiff's dispute from a consumer reporting agency").

Here, Plaintiff does not allege that: (1) any of the defendants furnished inaccurate information about her to a consumer reporting agency; (2) she reported the inaccuracy to a consumer reporting agency; and (3) any of the defendants failed to investigate after being notified by a consumer reporting agency of an alleged inaccuracy. Plaintiff thus fails to state a claim on which relief can be granted under Section 1681s–2(b), which is the only FCRA subsection that provides a private right of action for an individual to sue a furnisher of information. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to provide any additional facts in support of a claim under the FCRA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FCRA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims under the FCRA.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims under the FCRA. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, she must provide it. Plaintiff should include all of the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief under the FCRA. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims of federal constitution violations under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-7216 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under Section 1983 and the FCRA for failure to state a claim on which relief may be granted, *see id.*, and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge