UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYNEARIA ASIA VARLACK,

            Plaintiff,

-against-

TD BANK; JP MORGAN CHASE; EARLY WARNING SYSTEMS; CHEX SYSTEMS,

            Defendants.

1:23-CV-7216 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 16, 2023, the Court dismissed Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. (ECF 5, at 3-4.) In that same order, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 60 days' leave to file an amended complaint in which she alleges facts sufficient to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). (*Id.* at 4-8.)

On October 25, 2023, Plaintiff filed an amended complaint. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

In its October 16, 2023 order, the Court informed Plaintiff that she had failed to state a claim under Section 1681s-2(b) of the FCRA because she did "not allege that: (1) any of the defendants furnished inaccurate information about her to a consumer reporting agency; (2) she reported the inaccuracy to a consumer reporting agency; and (3) any of the defendants failed to

investigate after being notified by a consumer reporting agency of an alleged inaccuracy." (ECF 5, at 5.)

In her amended complaint, Plaintiff names TD Bank, JP Morgan Chase, Early Warning Systems, and Chex Systems as defendants. She does not identify the jurisdictional basis for the claims raised in her amended complaint. Plaintiff does allege, however, that the events that are the bases for her claims occurred on October 25, 2018, in New York. (ECF 6, at 5.) She also alleges the following:

> I've sent TD [B]ank disputes, Early Warning, stating these accounts are fraudulent and wasn't open[ed] up by me, after disputing with these third party reporting agencies they failed to do the[ir] job by deleting these fra[u]dulent accounts, how did they get my information and how is that fair and accurate. [November 28, 2022, September 3, 2022, July 17, [year unspecified], November 7, 2022,] I sent out to [E]arly Warnings for furnishing inaccurate info, I decided to go to court to handle these matters. I was told these accounts are not mine or open[ed] by me why are they still reporting? I sent out multiple disputes [July 24, 2023, May 31, [year unspecified]]. I have all my proof, they been keeping these accounts open knowing they sending info saying its not me who opened it. How is that fair and accurate? They failed to remove them and now I'm seeking my remedy.

(*Id.* at 5-6.)

Plaintiff asserts, in the injuries section of her amended complaint, that she "would like . . . civil liability for willful failure, on top of the stress I am a mental health patient this has cause[d] me stress and defamed my character, impaired my credit history." (*Id.* at 6.) In the relief section of her amended complaint, she indicates that she seeks "civil liability for willful failure and monetary damages for identity theft." (*Id.*)

## DISCUSSION

The Court construes Plaintiff's amended complaint as asserting claims that the defendants, as furnishers of credit information, have violated their obligations, under Section 1681s-2(b) of the FCRA, to investigate and correct inaccuracies as to a person's credit information, as well as asserting claims under state law.

3

A.  **Claims under the FCRA**

The Court's October 16, 2023 order recounted the requirements to state a claim under Section 1681s-2(b) of the FCRA. Chief among them is that a furnisher of credit information must first receive notice of a consumer dispute from a consumer reporting agency – not from an individual consumer – before a private right of action can exist under that statutory provision. (ECF 5, at 5.) The Court also noted that, to state such a claim, Plaintiff needed to amend her complaint to allege facts showing that:

> (1) [at least one of] the defendants furnished inaccurate information about her to a consumer reporting agency; (2) she reported the inaccuracy to a consumer reporting agency; and (3) [at least one] of the defendants failed to investigate after being notified by a consumer reporting agency of an alleged inaccuracy.

(*Id.*)

Plaintiff's amended complaint does not clearly assert that Plaintiff reported the alleged inaccuracies to a consumer reporting agency or that the consumer reporting agency reported those alleged inaccuracies to at least one of the defendants that is a furnisher of credit information; rather, it seems to allege that Plaintiff reported those inaccuracies directly to the defendants themselves. Such allegations do not state a claim under Section 1681s-2(b) of the FCRA. Thus, the Court dismisses such claims for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but without prejudice to Plaintiff's reasserting those claims in a new civil action once Plaintiff has met the abovementioned requirements.

B.  **Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of

4

jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under the FCRA for failure to state a claim on which relief may granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but without prejudice to Plaintiff's reasserting those claims in a new civil action once Plaintiff has met the abovementioned requirements. The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:  January 2, 2024
        New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge